**SO ORDERED.**

**SIGNED this 21 day of October, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

IN RE:

F & G LEONARD, LLC,                          CASE NO. 11-01297-8-JRL

    DEBTOR.                                  Chapter 11

### ORDER

This matter came before the court on the application of creditor Textron Financial Corporation for payment of attorneys' fees and expenses pursuant to 11 U.S.C. § 506(b). A hearing was held on September 13, 2011, in Raleigh, North Carolina.

### BACKGROUND

The debtor, F & G Leonard, LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 21, 2011. Textron Financial Corporation ("Textron") is the primary secured creditor of the debtor. On March 8, 2011, Textron filed a proof of secured claim in the debtor's case and is owed approximately $2,800,395.87 on a prepetition promissory note. The note obliged the debtor to pay Textron the principal sum of up to $3,750,00.00—of which Textron advanced $2,800,000.00—plus all interest, fees, costs, and expenses.

It is undisputed that Textron is oversecured, as the promissory note[1] is secured by

---

[1] The promissory note was executed on September 8, 2005.

substantially all of the debtor's assets, which the debtor admits are worth more than Textron's claim. The promissory note included provisions related to payment of attorneys' fees and costs in the event of the debtor's default. Specifically, section 11(b) provides:

> [In the event of default,] the Maker promises to pay all costs of collection, including but not limited to attorneys' fees and all expenses incurred by the Holder in connection with the collection of this Note, the protection or realization of the collateral and enforcement of any guaranty on account of such collection . . . . Any and all references to the payment of attorneys, fees and disbursements herein shall include those incurred before, during and after litigation, whether negotiating, drafting, closing, attempting collection without litigation, investigating and litigating in all trial and appellate levels as well as those incurred in any bankruptcy proceeding and post-judgment proceedings. Attorneys' fees includes fees of paraprofessionals such as paralegals and investigators, administrative costs and all other charges whatsoever billed by counsel to the Holder.

Included among the collateral is certain real property located in Craven County, North Carolina (the "property"), as recorded on September 5, 2005 in a Future Advance Deed of Trust, Security Agreement and Fixture Filing ("deed of trust"). Similar to the promissory note, section 1.9 of the deed of trust specifically provides that Textron may recover "all expenses, costs and other liabilities, including attorneys' fees" that Textron may incur enforcing its rights.

Hunton & Williams LLP ("Hunton & Williams") represented Textron in connection with this matter. Due to its status as an oversecured creditor, Textron filed an application for allowance of a secured claim for actual, reasonable, and necessary attorneys' fees and expenses pursuant to 11 U.S.C. § 506(b) and N.C. Gen. Stat. § 6-21.2. In the application, Textron seeks the total amount of $217,415.63, which can be subdivided as follows:

| Professional | Position | Fees | Expenses | Total |
|---|---|---|---|---|
| Hunton & Williams LLP, as counsel to Textron | Counsel to Textron | $196,008.00 | $7,607.48 | $203,615.48 |

| Ward and Smith, P.A. | Substitute Trustee in connection with prepetition foreclosure proceedings | $6,027.00 | $1,953.15 | $7,980.15 |
| --- | --- | --- | --- | --- |
| Peter Vangraafeiland | Expert witness regarding the terms of the note proposed under the debtor's plan | $5,700.00 | $120.00 | $5,820.00 |

The debtor objects to "the number of Hunton lawyers who billed significant time to this case, their billing rates, the billing rates of their paralegals and the amount of time billed." In addition to these general objections, the debtor also objects to numerous billing entries specifically. Most notably, the debtor objects to billing entries related to discovery, mediation preparation,[2] and updating pleading indices. Furthermore, the debtor argues that fees incurred by Hunton & Williams relating to the foreclosure on the property are duplicative of work performed by Ward & Smith, P.A., and that the $5,820.00 witness fee relating to Peter Vangraafeiland is "not an attorney fee."

## DISCUSSION

As this court recently explained, "[t]he issue of whether attorneys' fees can be awarded under 11 U.S.C. § 506(b) is based on interpretation of applicable state law." In re Winslow, Case No. 10-06745-8-JRL, at 3 (Bankr. E.D.N.C. June 22, 2011). Before an award of attorneys' fees under § 506 can be considered, "compliance with state law as to any conditions precedent to the recovery of attorneys' fees must be found." Id. (citing Independence Nat'l Bank v. Dye

---

[2] The debtor argues that the 9.3 hours billed for mediation preparation are inappropriate because these fees were related to the guarantor suit filed in state court. Furthermore, the debtor argues that in any case, the fees were excessive and unreasonable, given that no mediation was ever held.

3

Master Realty, Inc. (In re Dye Master Realty, Inc.), 15 B.R. 932, 935–36 (Bankr. W.D.N.C. 1981)).  "After assessing whether conditions precedent have been fulfilled and interpreting the contract under state law, federal courts normally proceed to determine whether the amount of fees is reasonable under federal law."  Id.  Under this federal standard, courts will inquire as to whether the fees incurred were reasonable under the particular circumstances.  See, e.g., In re Pak-a-Sak Food Stores, Inc., Case No. 06-04078-8-JRL (Bankr. E.D.N.C., Jan. 9, 2008).

       Section 506(b) is not a disallowance statute, however.  It merely allows an oversecured creditor to include reasonable attorneys' fees as part of its secured claim.  In the event that the attorneys' fees sought are allowable under state law, but found to be unreasonable under § 506(b), the fees may be recovered as an unsecured claim.  See e.g., Welzel v. Advocate Realty Investments, LLC (In re Welzel), 275 F.3d 1308, 1318–19 (11th Cir. 2001).  Because chapter 11 plans do not pay unsecured claims in full in most cases, the amount of attorneys' fees actually received by an oversecured creditor hinges on the reasonableness analysis under § 506(b).  However, in the present case, because the debtor's liquidation analysis requires payment of all unsecured claims in full, the distinction between state law and § 506(b) is meaningless.  If Textron's claim for attorneys' fee and expenses is allowable under North Carolina state law, it will receive full payment of that claim.

       North Carolina law allows for the recovery of reasonable attorneys' fees incurred in connection with  the collection of debts where the "note, conditional sale contract or other evidence of indebtedness" provides for such a recovery.  N.C. Gen. Stat. § 6-21.2.  A creditor seeking attorneys' fees cannot collect more than 15% of the outstanding balance on the debt at

issue. § 6-21.2(1). Since the amount sought by Textron is well below 15% of the outstanding balance, the court need not address the statutory limit. In this case, the only issue is whether all of the fees sought by Textron were "reasonable attorneys' fees" incurred in connection with collection. Under North Carolina law, the statute allowing attorneys' fees in connection with collection on notes "is a remedial statute and should be construed liberally." Coastal Prod. Credit Assoc. v. Goodson Farms, Inc., 70 N.C. App. 221, 227 (N.C. Ct. App. 1984) (citing Enters., Inc. v. Equip. Co., 300 N.C. 286 (1980)).

The note and deed of trust held by Textron grant a broad range of attorneys' fees to the creditor in the event the creditor must collect on the debt or enforce or preserve its rights related to the security of the note. This provision specifically includes fees incurred in any bankruptcy case involving the maker of the note. Based on the broad language of the attorneys' fees provision in the note and keeping in line with the liberal construction of the attorneys' fees statute, all of the services described in Textron's application are reasonable.

Based on the foregoing, Textron's application for attorneys' fees and expenses in the amount of $217,415.63 is **APPROVED.**

**END OF DOCUMENT**